UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ZACHARY PERRY and Nicole Parker,<br><br>    Plaintiffs,<br><br>v.<br><br>BAKER HUGHES, A GE COMPANY, LLC; Dresser, LLC; and the Louisiana Department of Environmental Quality,<br><br>    Defendants. | Civil Action No. _____<br><br>Section: _____<br><br>Judge: _____<br><br>Magistrate: _____ |

## NOTICE OF REMOVAL

Defendants Baker Hughes, a GE Company, LLC (now known as Baker Hughes Holdings LLC) and Dresser, LLC (collectively, "Defendants") file this Notice of Removal and hereby remove the civil action styled *Zachary Perry, et al. v. Baker Hughes, a GE Company, LLC, et al.*, No. 268814, pending in the 9th Judicial District Court, Parish of Rapides, State of Louisiana (the "State Court Action"),[1] to the United States District Court for the Western District of Louisiana. This notice of removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446.

### Summary of Basis for Removal

1. Plaintiffs filed the State Court Action on August 21, 2020.

2. In the State Court Action, Plaintiffs allege past and continuing property damage due to alleged trichloroethylene ("TCE") contamination from Dresser, LLC's Flow and Process Technology Facility (the "Facility") located in Rapides Parish, Louisiana.

---

[1] *See* Pl.'s Pet. for Damages, attached hereto as **Exhibit 1**.

3. Plaintiffs Petition for Damages, while impermissibly vague, seeks damages for alleged property damage due to TCE contamination, the remedies for which include remediation of soil and groundwater. The value of such damages exceeds $75,000.

4. Plaintiffs Zachary Perry and Nicole Parker are citizens of Louisiana who are alleged to be domiciled in Rapides Parish.

5. Defendant Baker Hughes, a GE Company, LLC is now known as Baker Hughes Holdings LLC. The members of Baker Hughes Holdings LLC are:

   a. GE Oil & Gas US Holdings I, Inc., a Delaware corporation with its principal place of business located at 191 Rosa Parks Street, Cincinnati, Ohio 45252.

   b. CFC Holdings LLC, which is wholly owned by EHHC NewCO LLC. The citizenship of EHHC NewCO LLC is described in Paragraph 5(c)–(d) below.

   c. EHHC NewCO LLC, which is wholly owned by Baker Hughes Company. The citizenship of Baker Hughes Company is described in Paragraph 5(d) below.

   d. Baker Hughes Company, a Delaware corporation with its principal place of business located at 17021 Aldine Westfield Road, Houston, Texas 77073.

6. Defendant Dresser, LLC is a limited liability company and a wholly owned subsidiary of Baker Hughes Holdings LLC.

7. Defendant Baker Hughes, a GE Company, LLC (now known as Baker Hughes Holdings LLC) has not been served with the State Court Action but became aware of the litigation on or about September 4, 2020.

8. Defendant Dresser, LLC was served with this litigation on September 4, 2020.

9. Defendant Louisiana Department of Environmental Quality ("LDEQ") is a state regulatory agency and a subdivision of the State of Louisiana

10. On information and belief, Defendant LDEQ has not been served with the State Court Action.

## Jurisdiction

11. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between citizens of different states where the matter in controversy exceeds the sum of $75,000.

12. Based on the damages claimed in Plaintiffs' Petition for Damages, it is "facially apparent that the claims are likely above $75,000." *Luckett v. Delta Airlines*, 171 F.3d 295, 298 (5th Cir. 1999).

13. Plaintiffs Zachary Perry and Nicole Parker are domiciled in and citizens of the state of Louisiana.

14. Defendant Baker Hughes, a GE Company, LLC (now known as Baker Hughes Holdings LLC) is a citizen of Delaware, Ohio, and Texas.

15. Defendant Dresser, LLC is a citizen of Delaware, Ohio, and Texas.

16. Although LDEQ has no citizenship for purposes of diversity jurisdiction and would thus generally preclude removal pursuant to 28 U.S.C. § 1332, LDEQ has been improperly joined such that removal is proper despite its inclusion in the State Court Action. Generally, the presence of a state as a party precludes the exercise of diversity jurisdiction "because a state is not a citizen for purposes of diversity jurisdiction." *Louisiana v. Union Oil Co. of Cal.*, 458 F.3d 364, 366 (5th Cir. 2006). However, "[i]n every case where a diverse defendant proves that the plaintiff's decision to join [a non-diverse] party is improper, the diverse defendant gains access to the federal

courts." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 575 (5th Cir. 2004).  A non-diverse defendant is improperly joined where, as here, "there is no possibility of recovery by the plaintiff" against that defendant.  *Id.* at 573; *id.* at 573 n.9 ("A 'mere theoretical possibility of recovery under local law' will not preclude a finding of improper joinder.").

17. Here, Plaintiffs' claims against LDEQ are premised on its alleged failures to (1) adequately investigate the purported contamination emanating from the Facility, and (2) warn Plaintiffs of the alleged contamination, which they claim resulted in damage to their property.[2]  Neither allegation supports a claim against LDEQ under Louisiana law.

18. First, contrary to Plaintiffs' contentions, LDEQ does not owe Plaintiffs a general duty to investigate in any particular way or remediate purported contamination of their property.  *Landry v. Laney Directional Drilling Co. et al.*, No. 09-615-JVP-SCR, 2009 WL 3833831, at *4 (M.D. La. Nov. 16, 2009) (concluding that LDEQ was improperly joined because it had "no legal duty to either test or remediate the material that was allegedly deposited on plaintiffs property" by a drilling company).  Indeed, "[t]he state cannot and should not bear the costs associated with a private profit making venture."  La. R.S. § 30:2271.

19. Second, LDEQ's decisions made in the course of conducting an investigation are "regulatory matters, not civil matters, and are therefore 'not within the scope of the district court's constitutional grant of original jurisdiction.'"  *Butler v. Denka Performance Elastomer LLC*, No. CV 18-6685, 2019 WL 1160814, at *6 (E.D. La. Mar. 13, 2019) (quoting *Matter of American Waste & Pollution Control Co.*, 588 So. 2d 367, 373 (La. 1991)).  Plaintiffs' recourse, if any, therefore lies not in tort, but instead in the Administrative Procedure Act.  *Id.* ("A party seeking to challenge DEQ action or inaction must follow the procedures set out in La. 30:2050.11.").

---

[2] *See, e.g.,* Pls.' Pet. ¶ 23.

4

20. Third, LDEQ is immune from suit in connection with decisions made in investigating the Facility. Louisiana Revised Statute Section 9:2798.1 makes clear that liability cannot be imposed on state agencies "based upon the exercise or performance or the failure to exercise or perform their policymaking or discretionary acts when such acts are within the course and scope of their lawful powers and duties." Plaintiffs have pointed to no statute, regulation, or policy that requires LDEQ to use any particular method or procedure to investigate alleged groundwater and soil contamination. Moreover, decisions regarding how to conduct such an investigation necessarily involve policy judgments, including how best to assess and respond to claims of environmental contamination and where to employ finite resources across the state. *See, e.g., Marino v. Parish of St. Charles*, 09-197 (La. App. 5 Cir. 10/27/09), 27 So. 3d 926, 931-32 (finding Parish immune from suit alleging negligent failure to maintain drainage system because Parish's decisions involved elements of judgment and choice based on social and economic considerations and were therefore discretionary).

21. Plaintiffs' failure to warn claims suffer from the same infirmities. Louisiana law imposes no generalized duty on LDEQ to warn of groundwater and soil contamination allegedly emanating from waste disposal at an industrial facility under the circumstances here. Plaintiffs cite to Louisiana Administrative Code Section 33:109 for the proposition that LDEQ had a duty to warn Plaintiffs and that the duty was mandatory.[3] But a duty is discretionary, not "mandatory," when it "involves an element of judgment or choice." *Id.* at 931. Section 33:109 makes clear that LDEQ must act only "as reasonably determined by the department to be appropriate" and must provide notice only to those "whom the department reasonably determines are likely to be adversely affected by the release." The exercise of such judgment is inherently discretionary.

---

[3] Pls.' Pet. ¶ 12, 23.

Moreover, any decisions regarding public notice are part of LDEQ's regulatory functions, not the proper subject of a tort suit. *Butler*, 2019 WL 1160814 at *6 (rejecting duty to warn claims asserted against LDEQ because LDEQ's actions in providing public notice are part of LDEQ's "regulatory framework" and are not the appropriate subject of a tort suit).

22. "To seek damages from the State for [alleged] exposure to emissions from a private defendant's manufacturing facility ventures into absurdity." *Id.* (dismissing failure to warn claims asserted against LDEQ). That is exactly the case here. Because there is no reasonable basis upon which this Court can predict that Plaintiffs will recover from LDEQ, it has been improperly joined in this lawsuit. Thus, complete diversity exists, and this case is properly removed to this Court. *Landry*, 2009 WL 3833831, at *4 (concluding that LDEQ's presence in lawsuit did not "divest the court of diversity jurisdiction" because plaintiffs had failed to state a claim against LDEQ).

## Compliance with Removal Procedures

23. This Notice of Removal is filed within 30 days after Defendants received a copy of Plaintiff's Petition for Damages. *See* 28 U.S.C. § 1446(a), (b)(1).

24. No other defendants have been properly joined and served. *See id.* § 1446(b)(2); *see also, e.g.*, *Jernigan v. Ashland Oil, Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) (per curiam) (holding that consent of improperly joined codefendants is not required).

25. The amount in controversy is greater than $75,000. *See* 28 U.S.C. § 1446(c)(2).

26. Venue is proper in the Western District of Louisiana, Alexandria Division because the State Court Action is pending in Rapides Parish, Louisiana. *See id.* § 1441(a)

27. A copy of this Notice is being served on counsel for all parties and filed with the clerk of the 9th Judicial District Court. *See id.* § 1446(d).

Respectfully submitted,

*s/ Andrew M. Stakelum*
Andrew M. Stakelum (La. #30738)
astakelum@kslaw.com
KING & SPALDING LLP
1100 Louisiana St., Suite 4000
Houston, TX  77002
Tel: (713) 751-3200
Fax: (713) 751-3290

-and-

Eric E. Jarrell (La. #16982)
ejarrell@kingjurgens.com
Robert J. Burvant (La. #14119)
rburvant@kingjurgens.com
Michael J. Cerniglia (La. #29792)
mcerniglia@kingjurgens.com
KING & JURGENS, L.L.C.
201 St. Charles Ave., 45th Floor
New Orleans, LA 70170
Tel: (504) 582-3800
Fax: (504) 582-1233

***Counsel for Baker Hughes, a GE Company, LLC (now known as Baker Hughes Holdings LLC), and Dresser, LLC***

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been served upon all known counsel of record via email and by filing with the Clerk of Court using the CM/ECF system.

Houston, Texas, this 2nd day of October, 2020.

                                              *s/ Andrew M. Stakelum*
                                              Andrew M. Stakelum